## KLING *v.* PACKET COMPANY.

### (*Jackson.*   May 11, 1898.)

1. CONSTITUTIONAL LAW.   *Statute forbidding suit on pauper oath.*

   A statute forbidding the bringing, upon the pauper oath, of "suits cognizable in the Courts of Admiralty of the United States," is not invalid as vicious class legislation.

   Act construed: Acts 1897, Ch. 100.

   Code construed: § 4928 (S.); § 3912 (M. & V.); § 3192 (T. & S.).

2. JURISDICTION.   *Of United States Courts in Admiralty.*

   The jurisdiction of Admiralty Courts of the United States extends to navigable waters above the ebb and flow of the tide, and the question whether such jurisdiction extends to a particular case is one of law and authority.

   Cases cited: 12 How., 1059, 1068; 3 Wall., 184.

3. PAUPER OATH.   *Not allowed.*

   An action for injuries sustained by falling through the hatchway of a steamboat plying a navigable stream, is "cognizable in the Courts of Admiralty of the United States," within the provisions of Acts 1897, Ch. 100, and cannot, therefore, be prosecuted on the pauper oath in the State Courts.

   Act construed: Acts 1897, Ch. 100.

------

FROM HARDIN.

------

Appeal from Circuit Court of Hardin County. E. D. PATTERSON, J.

E. W. Ross for Kling.

BROYLES & McDOUGAL for Packet Company.

WILKES, J. This is an action for damages for personal injuries sustained on the steamer Sheffield, while navigating the Tennessee River through Hardin County. The plaintiff undertook to prosecute the suit upon the pauper's oath, and motion was made to dismiss on that account. The motion was sustained and suit dismissed, and plaintiff appealed and assigned errors.

By the Act of March 10, 1897, Ch. 100, page 248, the Legislature provided that suits cognizable in the Courts of Admiralty of the United States should be placed on the same footing as those for false imprisonment, malicious prosecution, etc., under § 4928, Shannon's compilation. It is said that there is nothing to show that Courts of Admiralty of the United States have cognizance of suits of this character. The facts stated are, that the plaintiff was injured on a steamboat by falling through a hatchway, and while the boat was plying the waters of the Tennessee River through Hardin County. As to whether Courts of Admiralty have jurisdiction in such cases, is a matter of law and of authority. In the earlier cases it was held that this jurisdiction existed only where the ocean tide ebbed and flowed, but since the case of *Gennessee Chief* v. *Fitzhugh*, 12 Howard, 1059, 1068, it has been held that it extends to all waters connecting with other States and counties, navigable by vessels used in commerce, and the jurisdiction attaches in such waters as are wholly within a State or only navigable

therein, and that a tort happening within the body of a county or above the tide does not affect the jurisdiction. 1 Am. & Eng. Enc. L. (2d Ed.), 650, 651, and cases cited. So it has been held that a suit for damages for an assault by a master upon a seaman while lying within the body of a county, is within the jurisdiction. 3 Wall. (U. S.), 184.

It is said that the Act is unconstitutional because it grants an immunity or exemption to defendant and persons in like condition, that it is class legislation, and is arbitrary, unnatural, and vicious.

The matter of requiring cost bonds is one within the province of the Legislature to regulate, and it is difficult to see why suits of the character mentioned may not be excepted from the exemption as well as those for false imprisonment, malicious prosecution, slanderous words, and divorce suits brought by males, under the statute, Shannon, § 4928.

The Act applies to all persons in the same situation, and is not so much the granting of an immunity as it is declining to grant a privilege to parties who may have such actions. The general provision of law is that all suitors shall give bond for costs, and it is within the province of the Legislature to say whether the plaintiff and others similarly situated shall be exempt from its requirements.

We are of opinion there is no error in the judgment of the Court below, and it is affirmed with costs.